**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

**ROBERT SMITH**                                    **CIVIL ACTION NO. 18-577-P**

**VERSUS**                                          **CHIEF JUDGE HICKS**

**DR. SEAL, ET AL.**                                **MAGISTRATE JUDGE HORNSBY**

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Robert Smith ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on April 26, 2018.  Plaintiff is incarcerated at the Elayn Hunt Correctional Center, but claims claims his civil rights were violated by prison officials at the David Wade Correctional Center in Homer, Louisiana.  He names Dr. Seal, Steve Haden, Nicki Mcoy, and Mrs. Robinson as defendants.

Plaintiff claims the Defendants refused to allow him to see the mental health doctor and to prescribe medication for him.  He claims he suffers from bipolar disorder, PTSD, anger, hypertension, depression, major depression, attention hyperactivity disorder, conduct disorder, restlessness, stress, anxiety, shakes, sleeping disorder, paranoia, and schizophrenia.  He claims he needs medication for his mental stability and to keep his violence to a minimum.  He claims that

when his PTSD is triggered, he becomes agitated easily, he cannot sleep, and he shakes uncontrollably.

Plaintiff claims that because he was refused medications that would help with his symptoms, he was sprayed with mace and placed on suicide watch for three days. He claims while on suicide watch it was cold and he was denied a mattress, covers, and clothes. He claims he became sick and was mentally harmed.

Plaintiff claims he was prescribed mental health medications but argues that he should have been prescribed different medications. He claims he was denied therapy but admits he was in anger management classes. He also admits that he was prescribed medication for his anxiety. Plaintiff claims that every time he saw Dr. Seal, he denied him medications for sleep and other medications. He claims he was denied treatment for his sleep disorder, agitation, anger, PTSD, hypertension disorder, depression, stress, shakes, paranoia, and schizophrenia. Plaintiff admits that he was seen but not examined by nurses at sick call and they told him they would contact the mental health department.

Plaintiff claims he did not receive treatment for weeks and months. He claims he was mentally unstable. He claims his mental conditions almost caused him to have a diabetic seizure. He claims Dr. Seal only treats one illness at a time.

Accordingly, Plaintiff seeks injunctive relief.

## LAW AND ANALYSIS

Page 2 of 4

Plaintiff seeks only injunctive relief in his complaint.  His claims were rendered moot when he was transferred to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  A prisoner's transfer to another facility "render[s] his claims for declaratory and injunctive relief moot." Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison). See also Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as moot.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** with prejudice as moot.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 12th day of March, 2021.

Mark L. Hornsby
U.S. Magistrate Judge